[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2010
JOHN LEY
CLERK

_____

No. 09-15009
Non-Argument Calendar

_____

D. C. Docket No. 08-22264-CV-CMA

M.D. MORAIMA TRUJILLO,

Plaintiff-Appellant,

versus

FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION (AHCA),
AHCA SECRETARY HOLLY BENSON,
in her official capacity,
VICKIE DIVENS, individually,
FLORIDA DEPT. OF LEGAL AFFAIRS,
BILL MCCOLLUM, in his official as
Attorney General of the State of Florida,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 20, 2010)

Before EDMONDSON, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Moraima Trujillo, M.D., appeals the grant of summary judgment in favor of Defendant-Appellee David Bremson in Plaintiff's section 1983 lawsuit, 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

After an investigation by the Florida Agency for Health Care Administration ("FAHCA"), Dr. Trujillo was referred to the Medicaid Fraud Control Unit and a criminal investigation commenced. Defendant Bremson was assigned as the lead investigator; and Bremson signed the affidavit in support of Dr. Trujillo's arrest. Dr. Trujillo was charged with two first degree felonies: organized scheme to defraud the Medicaid and Medicare Programs and grand theft. Dr. Trujillo was acquitted by jury verdict of both charges. Dr. Trujillo brought this section 1983 suit against Bremson for malicious prosecution.[1]

Bremson's affidavit in support of Dr. Trujillo's arrest stated that the investigation was predicated upon a complaint received by the FAHCA that suggested that Dr. Trujillo, a licensed physician who regularly treated her psychiatric patients with "atypical antipsychotics," may have billed for services not

---

[1]The amended complaint also named the FAHCA and the Florida Department of Legal Affairs as defendants; it alleged, among other things, violations of the First, Fourth and Eighth Amendments. The district court concluded only a claim for malicious prosecution was pleaded sufficiently against Bremson; the other defendants and claims were dismissed. Plaintiff takes no issue with the district court's limitation of her suit to Bremson on the malicious prosecution cause of action.

rendered or allowed others to bill for services she did not provide.[2]  The

investigation revealed that, during the relevant period, Dr. Trujillo was employed

by several hospitals and clinics in different capacities.  The affidavit noted that Dr.

Trujillo held two full-time positions: she was employed full-time as the Medical

Director for New Horizons Mental Health Center ("New Horizons") and was also

working as a full-time employee of the Department of Veterans Affairs ("VA").  In

addition, Dr. Trujillo worked part-time as the Medical Director for Passageways

Residence of Dade County ("Passageways"), was the Medical Director of Horizon

Management at Larkin Community Hospital ("Horizon Health"), and maintained a

private practice.  These part-time endeavors also generated bills to Medicaid and

Medicare for services rendered by Dr. Trujillo.

Bremson's affidavit set out an analysis of Dr. Trujillo's hours based on

official Medicaid and Medicare records, time sheets from the VA, New Horizons

and Passageways, and Horizon Health Request for Payment Sheets submitted by

Dr. Trujillo.  Based on these sources, Bremson concluded that Dr. Trujillo worked

over 20 hours per day on 207 days in 2004; many of these days showed Dr.

---

[2]At the outset of the investigation, Dr. Trujillo was suspected of duplicative billing and over-prescription of antipsychotic medication.  No probable cause to arrest arose from that phase of the investigation.  Bremson continued to investigate  Dr. Trujillo about other potentially fraudulent practices; as a result of this later phase of the investigation, Bremson signed the affidavit in support of Dr. Trujillo's arrest.

Trujillo working in excess of 24 hours per day. Bremson supplemented this statistical analysis with interviews of personnel at each billing entity. As a result of his investigation, Bremson attested that he had probable cause to believe -- and did believe -- that Dr. Trujillo committed organized fraud and grand theft. Dr. Trujillo contends that Bremson's conduct was born of "personal spite, reckless disregard for or conscious indifference" to her rights.

The district court opinion set out correctly the standard to establish a federal malicious prosecution claim under 42 U.S.C. § 1983. Among other things, to prevail on her claim Dr. Trujillo was required to show the absence of probable cause for her arrest. See Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008) ("Because lack of probable cause is a required element to prove a § 1983 claim for malicious prosecution in violation of the Constitution, the existence of probable cause defeats the claim.").

"Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). When the facts and circumstances within a law enforcement official's knowledge are sufficient to warrant a reasonable belief that the person being investigated has committed or is about to commit an offense, the standard for probable cause to arrest is satisfied. See Skop v. City of Atlanta, GA,

485 F.3d 1130, 1137 (11th Cir. 2007).

Dr. Trujillo contends that her work for various entities in upper management roles was explained to Bremson; he -- and any reasonable person -- would have realized that she was over billing no one, if her management status had been considered appropriately and had supervisory personnel at these entities been questioned in a less leading fashion. According to Dr. Trujillo, Bremson failed to perform a constitutionally sufficient investigation to support a finding of probable cause. Citing Kingsland, Dr. Trujillo argues that a reasonable jury could find from the record evidence that the foundation for probable cause asserted by Bremson was either pretextual or the result of the willful failure to consider exculpatory evidence and, therefore, summary judgment was granted wrongly.

In Kingsland, we recognized that police officers objectively "should not be permitted to turn a blind eye to exculpatory information that is available to them and instead support their actions on selected facts they chose to focus upon." Kingsland, 382 F.3d at 1228. We explained that "a police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest," id. at 1229; but an officer may not "conduct an investigation in a biased fashion or elect not to obtain easily discoverable facts." Id. (internal quotation and citation omitted). Under the facts of that case, we reversed a grant of

summary judgment in favor of police officers after we concluded that a reasonable jury could find that the officers' investigation was constitutionally deficient; a reasonable jury could find that the officers' failure to uncover reasonably discoverable material information relevant to the probable cause determination was the product of a conscious and deliberate decision made to protect a fellow officer.

As the district court explained, Dr. Trujillo's reliance on Kingsland is misplaced; the material facts of Kingsland are different from the instant case. The plaintiff in Kingsland alleged fabrication of evidence and supported that allegation with a host of facts and circumstances that rendered the integrity of the investigation questionable. In contrast, Dr. Trujillo proffered no evidence of fabrication; instead, she argues that Bremson ignored exculpatory evidence, failed to access the best documentary evidence available, and asked witnesses hypothetical and leading questions. But again as the district court explained, the only exculpatory evidence Bremson allegedly ignored was Dr. Trujillo's own statement that he should discount hourly computations because of her upper level management status at two of her employing facilities. Even when, for purposes of summary judgment, we credit Dr. Trujillo's upper management explanation for some of the hours calculated, probable cause is not undercut: the evidence of an impossibly long workday is not negated.

6

Notwithstanding Dr. Trujillo's claims of "copious and dramatic evidence" showing the falsity of Bremson's probable cause affidavit, record cites point us to little in the way of facts supporting her conclusory allegations. It may be that Bremson performed a less than perfect investigation -- we do not say; but, given the totality of the facts and circumstances within Bremson's knowledge, no constitutionally deficient probable cause has been shown. That a jury found Dr. Trujillo not guilty of criminal charges fails to support Dr. Trujillo's claims; the standard of guilt beyond a reasonable doubt is far more exacting than that required to establish probable cause.

Dr. Trujillo argues that the district court erred by granting summary judgment based on Bremson's affidavit in support of summary judgment because the information contained and otherwise referenced therein was hearsay. Dr. Trujillo is mistaken. The affidavit is not hearsay; it is not offered to prove the facts stated therein but is offered to show what Bremson knew when he submitted the probable cause affidavit.

Because we conclude that no constitutional deficiency has been shown, we need not consider the applicability of the defense of qualified immunity.[3]

---

[3]As we have said, the information Bremson had about Dr. Trujillo's billing hours -- which often exceeded 24 hours in a single day -- would cause a prudent person to believe, under the circumstances, that Dr. Trujillo had committed an offense; probable cause has been shown. In the context of qualified immunity, a lesser standard -- arguable probable cause -- would apply.

7

AFFIRMED.

---

See Grider v. City of Auburn, Ala., 618 F.3d 1240, 1257 (11th Cir. 2010) ( "To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause.").